**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEDFREY M. LINSANGAN, | No. 20-15103 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00128 |
| v. | |
| ALICE M. TAIJERON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted August 4, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Sedfrey Linsangan appeals pro se from the district court's order dismissing his

42 U.S.C. § 1983 action because he lacked standing. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Whitmore v. Fed. Election Comm'n,* 68 F.3d 1212, 1214 (9th Cir.1996), and we affirm.

"The 'irreducible constitutional minimum of standing' contains three parts: (1) injury in fact; (2) causation; and (3) likelihood that the injury will be redressed by a favorable decision." *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (citation omitted).

The district court properly dismissed Linsangan's action for lack of standing because Linsangan's allegations of harm are not particularized or imminent. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). A plaintiff "must show that he has suffered, or will imminently suffer, a concrete and particularized injury to a judicially cognizable interest." *Davis v. Guam*, 785 F.3d 1311, 1314 (9th Cir. 2015) (internal quotation marks and citation omitted). Linsangan's allegation that "he would like to run for Governor" but cannot under the current statutory limitations does not state an imminent harm. *See Lujan,* 504 U.S. at 564 ("an 'inten[t]'…is simply not enough"); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002) ("The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." (quotation marks and citation omitted)). The remaining alleged injuries are not particularized to his situation; rather, they are generalized grievances. *See Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003)

(holding that a "generalized grievance against allegedly illegal government conduct" is insufficient to confer standing).

**AFFIRMED.**